ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 SEP 20 PM 12: 13

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| JAMES PETERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 306-046 |
| | ) |
| JAMES DONALD, Commissioner, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case was commenced pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, he is entitled to rely on the "officers of the court" to serve all process. See 28 U.S.C. § 1915(d). On August 7, 2006, the Court directed the U.S. Marshal to effect service on Defendants. (Doc. no. 7). In that Order, the Court explained that in accordance with Fed. R. Civ. P. 4, service must be accomplished within 120 days of the date of the Order. (Id. at 4). Thus, service must be accomplished by December 5, 2006.

Prior to the expiration of the 120-day period, Plaintiff has filed an "Affidavit for Entry Default Judgment," which the Court construes as a motion for entry of a default judgment. (Doc. no. 9). In support of his motion, Plaintiff states that Defendants were served with a copy of the summons and complaint, and a receipt of that service was filed with the Court. (Id.). He further claims that Defendants have not filed an answer within 20 days of the service date; therefore, he is entitled to entry of a default judgment. (Id.).

A default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. By its terms, Rule 55 contemplates two steps before entry of a default judgment. Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995). First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend as provided by [the] rules." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

As set forth above, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. However, a defendant is not required to file a pleading or otherwise defend himself unless and until he is properly served. Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 (11th Cir. 1982) (prohibiting entry of default on amended complaint that was not properly served).

In the instant case, despite Plaintiff's claims to the contrary, there are no notations in the record indicating that Defendants have been served. Therefore, there is no proof of service on Defendants, let alone evidence that Defendants failed to timely plead or otherwise respond to Plaintiff's claims. Accordingly, Plaintiff's request for default is premature. Moreover, pursuant to this Court's order dated, August 7, 2006, Plaintiff is entitled to rely

on the U. S. Marshal for service of his complaint. See Loc. R. 4.4. It appears from the record that although the proper forms have been submitted to the Marshals, they have not had time to complete service. It should be noted that the Marshals have until December 5, 2006 to complete service.

In sum, the Court concludes that a default judgment is inappropriate under the circumstances of this case. Because there is no proof in the record that Defendants have received the summons and complaint prior to the filing of Plaintiff's request for entry of default, entry of a default would be inappropriate. Should Defendants fail to timely respond after service has been accomplished, Plaintiff may re-urge his motion at the appropriate time. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the "Request for Entry of Default" be **DENIED**.

SO REPORTED and RECOMMENDED this 20th day of September, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3