ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 APR 13 A 8:19

| | | |
|---|---|---|
| JAMES PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 306-046 |
| | ) | |
| JAMES DONALD, Commissioner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, he is entitled to rely on the "officers of the court" to serve all process. 28 U.S.C. § 1915(d). On August 7, 2006, the Court directed the U.S. Marshal to effect service on Defendants Donald, Kelsey, Burnette, Ethredge, Spires, and Spinn. (Doc. no. 7). In that Order, the Court explained that in accordance with Fed. R. Civ. P. 4(m), service must be accomplished within 120 days of the date of the Order. (Id. at 4). Thus, service was due to be accomplished by December 5, 2006. Prior to the expiration of the 120-day period, Plaintiff filed his first request for entry of default, arguing that Defendants had been served but had failed to answer the complaint. (See doc. no. 9). Adopting this Court's analysis that there was no proof of service yet in the record, let alone proof that any served Defendant had not timely filed an answer, the Honorable John F. Nangle, United States District Judge, denied the first request for entry of a default. (See doc. nos. 10, 12).

The matter is now before the Court on several motions related to effecting service of process on one Defendant, Jackie Kelsey. Plaintiff has filed four motions for entry of a default judgment (doc. nos. 31, 41, 46, 47) and one "Motion to Rebuttal to Defendant's Compliance," in which he argues that Defendant Kelsey should not be allowed to avoid potential liability in the case because she no longer works for the Department of Corrections and has not been located (doc. no. 32).[1] For their part, Defendants who have been served and made an appearance in the case have filed a motion to dismiss the complaint as to Defendant Kelsey because she has not been served within the 120-day period provided for by Fed. R. Civ. P. 4(m). (Doc. no. 38). Moreover, on February 27, 2007, the Court entered an order directing Plaintiff to show cause why Defendant Kelsey should not be dismissed because service had not been timely effected. (Doc. no. 35, pp. 2-3). As Plaintiff's second motion for a default judgment (doc. no. 41) was filed after this Court's show cause order and Defendants' motion to dismiss and within the ten-day period provided for in the show cause order, the Court has liberally construed that document not only as a motion, but also as Plaintiff's response to the Court's order and Defendants' motion to dismiss.

I. **REQUESTS FOR DEFAULT**

A default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. By its terms, Rule 55

---

[1]Notably, none of the motions contain a proper certificate of service showing service on Defendants' counsel, as is required by Loc. R. 5.1. Plaintiff was informed of this requirement for a certificate of service in the Court's August 7, 2006 Order. (See doc. no. 7, p. 4). Thus, apart from consideration of the substantive merit to any of Plaintiff's motions, they are subject to denial based on failure to comply with the Court's Local Rules. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*) (affirming summary denial of motion for failure to comply with local rules).

2

contemplates two steps before entry of a default judgment. Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995). First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend as provided by [the] rules." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

As set forth above, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. However, a defendant is not required to file a pleading or otherwise defend herself unless and until she is properly served. Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 (11th Cir. 1982) (prohibiting entry of default on amended complaint that was not properly served). Upon examination of the record in this case, it appears that although service was directed on August 7, 2006, it was not until November 2, 2006, that there appeared in the record any proof of service from the U.S. Marshal. (See doc. nos. 15-19). Notably, the return of service for Defendant Kelsey did not contain a signed waiver of service. (Doc. no. 20). Rather, it appears that for some reason, the U.S. Marshal mistakenly relied upon a docket entry to presume that Defendant Kelsey was represented by the same attorney as the other Defendants in the case. However, the answer filed on October 30, 2006, clearly states that it was filed only on behalf of Defendants Donald, Burnette, Ethredge, Spires, and Spinn.

3

(Doc. no. 14). The Court noted this discrepancy for the record in its order dated February 8, 2007, and directed defense counsel to clarify which Defendants he represented. (Doc. no. 26). Defense counsel's February 15, 2007 filing clearly explained that Defendant Kelsey is no longer an employee of the Georgia Department of Corrections and was not so employed at the time that service was attempted. (Doc. no. 29). Thus, there is nothing in the record indicating that Defendant Kelsey has ever been served, and this fact has been apparent from the record since October 30, 2006; the Court explicitly pointed this fact out on February 8, 2007.

In sum, as there is no evidence that Defendant Kelsey was ever served, there can be no conclusion that she has failed to timely plead or otherwise respond to Plaintiff's claims. Accordingly, the Court concludes that a default judgment is inappropriate under the circumstances of this case. Because there is no proof in the record that Defendant Kelsey received the summons and complaint, entry of a default would be inappropriate. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests for the entry of default judgment, as well as the "Motion to Rebuttal to Defendant's Compliance," be **DENIED**. (Doc. nos. 31, 32, 41, 46, 47).

## II. MOTION TO DISMISS FOR FAILURE TO TIMELY EFFECT SERVICE

As explained in Part I above, Plaintiff first knew of his responsibility for providing a correct service address for all Defendants on August 7, 2006. As of October 30, 2006, Plaintiff knew, or should have known, that an answer had been filed on behalf of all Defendants except Defendant Kelsey. Indeed, Plaintiff's response to the answer specifically noted that the answer was not filed on behalf of Defendant Kelsey. (Doc. no. 21, p. 1).

4

Moreover, there was no executed Waiver of Service in the Record for Defendant Kelsey (doc. no. 20), as there were for the other five Defendants (doc. nos. 15-19). Thus, the record shows that Plaintiff has known for months that Defendant Kelsey had not made an appearance in the case.

Once the Court specifically asked for clarification of defense counsel's representation, Plaintiff still did not take any proactive steps to ascertain a location for Defendant Kelsey or otherwise file a motion requesting some specific action with respect to attempting service. Rather, he persisted in filing requests for default, even though it had been repeatedly explained that Defendant Kelsey had not been served. As the Court explained in its February 27th Show Cause Order, under the Federal Rules of Civil Procedure, an action shall be dismissed without prejudice as to an unserved defendant if service of the summons and complaint is not made within 120 days after the filing of the complaint or within a time specified by the Court. Fed. R. Civ. P. 4(m). However, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 35, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)). Moreover, if a plaintiff fails to show good cause to failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. City of Villa Rica, 476 F.3d 1277, 1282 (11th Cir. 2007).

Here, the Court screened Plaintiff's complaint and directed that service of process be effected approximately eight months ago. (Doc. no. 7). After the expiration of the 120-day

5

period contemplated for service, the Court granted an extension of time to accomplish service, but Plaintiff has simply been unable to determine an appropriate service address for Defendant Kelsey. In fact, Plaintiff has done little more in his efforts to secure an address for Defendant Kelsey than repeatedly file unfounded requests for the entry of default.

Moreover, the Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). Here, Plaintiff's filings to date in this case recount allegations of retaliation by various Defendants that appear to have stretched into the summer months of 2005 and perhaps longer. (See, e.g., Doc. no. 1, timeline of stm. of claim, which includes letter dated in 2006). Thus, although it is not entirely clear exactly when Defendant Kelsey became involved in the events at issue in this case, at this time, it does not appear that dismissal of Defendant Kelsey without prejudice will pose a problem under Georgia's two-year statute of limitations that applies to § 1983 claims. See Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).

Nor is there any evidence that Defendant Kelsey is evading service; in fact, as she left the employ of the Department of Corrections prior to any attempts at service, it is not clear that she is even aware that she is a Defendant in this lawsuit. In addition, Plaintiff has named several other Defendants employed by the Department of Corrections who have appeared in the case that are alleged to have engaged in retaliatory conduct similar to that of Defendant Kelsey; thus, Plaintiff will have the opportunity to vindicate any alleged constitutional

violations through pursuit of the case against the remaining Defendants. Finally, although the Advisory Committee Note recognizes that courts should take care to protect *pro se* plaintiffs from confusion or delay related to the resolution of an IFP petition, Plaintiff was granted IFP status months ago and since that time has received repeated warnings about the need to timely provide a correct service address for all Defendants.

In sum, service has not been timely effected within the 120-day period provided for by Rule 4(m) or within the extended period provided by the Court. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** (doc. no. 38) and that Defendant Kelsey be **DISMISSED** without prejudice from the case. Hunt v. Department of the Air Force, 29 F.3d 583, 589 (11th Cir. 1994) (affirming dismissal without prejudice for failure to timely effect service); see also Nelson v. Barden, No. 05-10757, slip op. at 13, 15 (11th Cir. Aug. 10, 2005) (same).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests for entry of default, as well as the "Motion to Rebuttal to Defendant's Compliance," be **DENIED** (doc. nos. 31, 32, 41, 46, 47) and that Defendants' motion to dismiss Defendant Kelsey without prejudice be **GRANTED** (doc. no. 38). Should Judge Nangle, adopt this recommendation, the Clerk should be directed to issue a Scheduling

Notice as of the date of the adoption so that the case can proceed expeditiously against the remaining five Defendants.

SO REPORTED and RECOMMENDED this 13th day of April, 2007, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE