ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
2007 JUN -6 P 1: 20
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| JAMES PETERSON, ) | |
| Plaintiff, ) | |
| v. ) | CV 306-046 |
| JAMES DONALD, Commissioner, et al., ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). On August 7, 2006, the Court directed the U.S. Marshal to effect service on Defendants Donald, Kelsey, Burnette, Ethredge, Spires, and Spinn. (Doc. no. 7). For their part, Defendants who have been served have made an appearance in the case. On May 25, 2007, the Honorable John F. Nangle, United States District Judge, dismissed Defendant Kelsey because service had not been timely effected. (Doc. no. 63). The matter is now before the Court upon Plaintiff's Motion to Enter Default Judgment (doc. no. 51); Plaintiff's Motion for Default Judgment (doc. no. 56); and Plaintiff's Motion for Default Judgment (doc. no. 59). For the reasons stated below the Court **REPORTS** and **RECOMMENDS** that Plaintiff's three motions for default be **DENIED**.

### I. REQUESTS FOR DEFAULT

Plaintiff asserts that he is entitled to a default judgment because Defendants have not

responded to his interrogatories. A default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. By its terms, Rule 55 contemplates two steps before entry of a default judgment. Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995). First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend as provided by [the] rules." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

As set forth above, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. Upon examination of the record in this case, it appears that Defendants Donald, Burnette, Ethredge, Spires, and Spinn, waived service and filed their answer on December 6, 2006. (Doc. no. 14). Further review of the record indicates that parties are conducting discovery and that these Defendants are otherwise defending this action as required by the Federal Rules of Civil Procedure. As noted above, the only other Defendant, Kelsey, has been dismissed. Thus, there is no basis for entry of a default judgment.

Moreover, Plaintiff's assertion that he is entitled to a default judgment because Defendants have not responded to interrogatories, is misguided. Initially, the Court notes

that Plaintiff has not complied with Loc. R. 26.5 that governs the filing of motions to compel discovery. The Rule provides:

> **LR 26.5 Discovery Motions and Objections.** Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:
>
> (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;
>
> (b) include the specific ground for the motion or objection; and
>
> (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.
>
> Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

Loc. R. 26.5.

Plaintiff has not complied with this Rule in filing his motions because he made no certification of a good faith effort to resolve any discovery dispute. Stated otherwise, Defendants were not given an opportunity to address Plaintiff's concerns prior to the Court getting involved. In sum, Plaintiff's motion does not comply with the letter or the spirit of the Local Rule governing motions to compel. Therefore, if the Court were to consider any of the "default" motions as discovery motions, they would be subject to summery denial. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*) (affirming summary denial of motion for failure to comply with court's Local Rules).

Furthermore, the Eleventh Circuit has consistently found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate only "where the party's conduct amounts to flagrant disregard and willful disobedience *of discovery orders*." U.S. v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). As the Court has not entered any discovery orders in this matter, the entry of a default judgment is not appropriate.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests for entry of default be **DENIED**. (Doc. nos. 51, 56, and 59).

SO REPORTED and RECOMMENDED this 6th day of June, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE