# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

## DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 306-046 |
| | ) | |
| JAMES DONALD, Commissioner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## O R D E R

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants' motion for summary judgment is **GRANTED**, this civil action is **CLOSED**,[2] and a final judgment shall be **ENTERED** in favor of Defendants.

---

[1] The Magistrate Judge recommended granting Defendants' motion for summary judgment for failure to exhaust administrative remedies and on the merits. Although, Plaintiff filed objections to the Report and Recommendation, the Court notes that he did not address the exhaustion issue, and furthermore, he merely re-alleges the facts he raised in his complaint and response in opposition to Defendants' motion for summary judgment.

[2] As this case is closed, Plaintiff's "Motion to be Transferred" and "Motion for Injunctive Relief" are **MOOT**. (Doc. nos. 80, 81). Moreover, a review of these two motions reveals that Plaintiff is attempting to assert new claims against individuals that have not been named, much less served, in the above-captioned case. For example, Plaintiff requests to be transferred from Georgia State Prison ("GSP"), but the above-captioned case concerns events occurring at Telfair State Prison ("TSP"), and names Defendants from TSP. In addition, Plaintiff's motion for injunctive relief requests an order "removing him from all authority that gives Deputy Warden [of] Care and Treatment, John W. Paul [a warden at GSP], any

SO ORDERED this ___6th___ day of ___March___, 2008.

_____

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

---

authority over Plaintiff due to [] he has filed a 1983 civil action against him [] he refuses to
allow Plaintiff equal employment due to the civil action against him now." (Doc. no. 81).
It appears Plaintiff has been denied the opportunity to work the laundry detail as a result of
Deputy Warden John W. Paul's allegedly discriminatory actions. (Id.).

In this case, the Court only has jurisdiction over the named Defendants who have
been properly served. See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 919 (11th Cir. 2003)
(affirming dismissal of case for lack of jurisdiction because party against whom relief was
sought had not been properly served), *reh'g and reh'g en banc denied*, No. 03-11580 (Table),
2004 WL 503604 (11th Cir. Mar. 2, 2004). As this Court does not have jurisdiction over
personnel at GSP who have not been served with process in this case, the Court cannot grant
the relief requested in these two motions.